UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL HENDRICKS and TYLER WEBB, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:25-cv-01130-MMM |
| | ) ) ) |
| LISA DRAPER, et al. | ) ) |
| Defendants. | ) |

**O R D E R**

Plaintiffs assert joint claims for constitutionally inadequate nutrition at the Livingston County Jail pursuant to 42 U.S.C. § 1983.

**Merit Review**

The case is before the Court for merit review under 28 U.S.C. § 1915A. The Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiffs allege that from January 1, 2024 (Plaintiff Webb) and from July 5, 2024 (Plaintiff Hendricks) through the filing of the complaint they received inadequate

nutrition at the Livingston County Jail. They received, on average, 1,500 calories per day and suffered symptoms of inadequate nutrition.

Plaintiffs name Livingston County Jail Superintendent Lisa Draper, Sheriff Ryan Bohm, Assistant Jail Superintendent Sherri Martin, Kellwell Foods Employees Cat, Sarah, and Jen, Kellwell Foods Company, and Livingston County Illinois, as Defendants.

The Fourteenth Amendment requires officials to provide detainees with objectively reasonable basic human needs, including food. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015); *see also Kinglsey v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). A plaintiff who alleges that his "[f]ood is well below nutritional value" states a claim for a violation of the Due Process Clause or the Eighth Amendment. *Smith*, 803 F.3d at 312 ("At the motion to dismiss stage, these six words make all the difference under [Seventh Circuit] precedent.").

Plaintiffs' allegations state a claim for constitutionally inadequate nutrition against Livingston County, Bohm in his official capacity as the elected head of the Sheriff's Department, Cat, Sarah, and Jen in their individual capacities, and Kellwell Foods in its official/municipal capacity. *Smith*, 803 F.3d at 312; *Thomas v. Cook Cty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010).

Plaintiffs plausibly allege constitutionally deficient nutrition based on certain Defendants' actions and or policies. For that reason, the entity Defendants are all appropriate defendants at this stage. The Sheriff's Department as represented by Bohm is an independent entity that can be liable for its official acts, and Kellwell, apparently a

2

foodservice contractor, is suable as a municipality as well. *See DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 n.2 (7th Cir. 2000) (citing Ill. Const. Art. VII, sec. 4(c)); *see also Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 636 (7th Cir. 2009); *Thomas*, 604 F.3d at 303. However, a county is also a necessary party to a suit under federal law because the Sheriff's Office is funded by the county and thus the county is a necessary party to satisfy any judgment. *Olson v. Champaign County*, 784 F.3d 1093, 1104 (7th Cir. 2015).

Plaintiffs do not state an individual-capacity claim against Livingston County Sheriff Bohm, Jail Superintendent Lisa Draper, or Assistant Jail Superintendent Sherri Martin. There is no *respondeat superior* liability for § 1983 actions, "simply being atop an organizational food chain does not make a supervisor liable for a subordinate's unconstitutional conduct," and rather a plaintiff must plead the personal involvement of a supervisory defendant including at least "some causal connection or affirmative link between the action complained about and the official sued." *Bostic v. Murray*, No. 23-1665, 2025 WL 3248684, at *6–7 (7th Cir. Nov. 21, 2025). Plaintiffs have not alleged the personal involvement of these supervisory defendants such that they could be held liable in their individual capacities for Plaintiffs' allegations as to the nutritional content of the food served at the Jail.

Though discovery may show that the nutrition provided Plaintiffs was constitutionally adequate, or that certain Defendants were not personally involved in determining meals served, or that one or more of the Municipal Defendants' policies and practices were not a moving force behind any constitutionally inadequate nutrition, at this stage, given the low bar for claims like the present one, Plaintiffs'

allegations are sufficient for the case to move forward as stated above.

**Notice Regarding Proceeding Jointly**

Multiple incarcerated plaintiffs may proceed together if joinder of their claims is proper under Rule 20. *Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004). However, each Plaintiff allowed to proceed in forma pauperis is required to pay a filing fee under the Prison Litigation Reform Act. *Id.* Plaintiffs here are so proceeding.

Further, when parties pursue joint litigation, they enjoy the possibility of joint success but also bind themselves to joint losses or joint sanctions that may stem from the case. And joint plaintiffs are responsible for jointly signing all court papers. "Many prisoners may think that the risks of joint litigation … exceed the gains …." *Id.* The Seventh Circuit recommended in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks and considerations prisoner *pro se* litigants face in joint litigation. The Court earlier alerted Plaintiffs to the joint payment requirement. The Court now also offers Plaintiffs the option to request that their claims be severed into individual cases that they can pursue independently.

Each Plaintiff should consider that he will be held legally responsible for knowing precisely what is being filed in each document filed in this case by any Plaintiff. He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case against any plaintiff. If Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of all Plaintiffs must be signed by all Plaintiffs. A non-attorney cannot file or sign papers for another litigant, and as long

4

as Plaintiffs appear without counsel in this action, each Plaintiff must sign each document (aside from the individual status reports discussed later in this Order). *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); Fed. R. Civ. P. 11. The Plaintiffs have complied with this requirement for their complaint, and they must continue to do so for each and every future pleading. Plaintiffs are warned that the Court will strike any future motions or pleadings that do not comply with this requirement.

### Individual Status Reports Required

Each Plaintiff is now directed to file a status report by January 12, 2026, stating whether they wish to continue as a plaintiff in this group action or if they instead wish to proceed in their own lawsuit separately. As the Seventh Circuit stated, "many prisoners will opt to litigate by themselves once they understand [all the considerations], and the process will simplify litigation …." *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004).

**IF ANY PLAINTIFF DOES NOT FILE A TIMELY STATUS REPORT AS ORDERED HEREIN, THEY WILL BE DISMISSED FROM THIS LAWSUIT WITHOUT PREJUDICE WITHOUT FURTHER NOTICE AND WILL REMAIN RESPONSIBLE FOR PAYING THE REMAINDER OF ANY FILING FEE OWED.**

**IT IS THEREFORE ORDERED THAT:**

**(1)** **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiffs state a Fourteenth Amendment claim for constitutionally inadequate nutrition against Livingston County, Ryan Bohm in his official capacity as the elected head of the Sheriff's Department, Cat, Sarah, and Jen in their individual capacities, and Kellwell Foods in its official/municipal capacity. Defendants Lisa**

        Draper and Sherri Martin are dismissed. Clerk to update the parties to the suit to reflect the same. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

(2) This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

(3) The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

(4) With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

(5) The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

(6) This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed

with the clerk. However, discovery requests and responses are NOT filed with the clerk. Plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

(7)   Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.

(8)   The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

(9)   The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 23rd day of December, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE