E-FILED
Monday, 01 June, 2026  12:12:06 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

MICHAEL HENDRICKS,

      Plaintiffs,

vs.

RYAN BOHM, KATHLEEN SCHOPP, "SARAH", JEN COMPTON, TRINITY SERVICES GROUP, INC. and LIVINGSTON COUNTY,

      Defendants.

Case No.:  25-cv-01130

### DEFENDANTS RYAN BOHM AND LIVINGSTON COUNTY'S MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF MICHAEL HENDRICKS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

NOW COME Defendants RYAN BOHM and LIVINGSTON COUNTY ("Defendants"), by their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and pursuant to Federal Rule of Civil Procedure 56, move this Court for entry of summary judgment in their favor and against Plaintiff Michael Hendricks ("Plaintiff"), and in support thereof, state as follows:

1.      At all relevant times, Plaintiff Michael Hendricks was an inmate at the Livingston County Jail and subject to its grievance procedures.

2.      Plaintiff alleges constitutional violations under 42 U.S.C. § 1983 relating to the alleged failure to provide adequate nutrition.

3.      The Livingston County Jail maintained an administrative grievance process that was available to Plaintiff and of which Plaintiff was aware.

4.      Plaintiff filed multiple grievances related to his allegations but failed to pursue those grievances through the required appeal steps of the grievance process.

1

5.      The Prison Litigation Reform Act mandates exhaustion of all available administrative remedies before an inmate may bring suit concerning prison conditions.

6.      There is no genuine dispute of material fact regarding Plaintiff's failure to exhaust his administrative remedies, and Defendants are entitled to judgment as a matter of law.

7.      Failure to timely and properly complete all required grievance steps constitutes a failure to exhaust administrative remedies as a matter of law.

8.      There is no genuine dispute of material fact regarding Plaintiff's failure to exhaust administrative remedies.

9.      Because Plaintiff failed to exhaust his administrative remedies prior to filing suit, his claims against the Defendants are barred.

10.      The Defendants have concurrently filed their Memorandum of Law in Support of the Motion for Summary Judgment for Failure to Exhaust His Administrative Remedies and incorporate the same herein by reference.

WHEREFORE, the Defendants, RYAN BOHM and LIVINGSTON COUNTY, respectfully request that summary judgment be granted in favor of the Defendants and against the Plaintiff, MICHAEL HENDRICKS.

/s/ Frank W. Ierulli
Attorney for Defendant, RYAN BOHM and
LIVINGSTON COUNTY
IL ARDC #:  6211208
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
300 Hamilton Blvd., P.O. Box 6199
Peoria, IL 61601-6199
309.676.0400 Phone
309.420.0402 Fax
fierulli@heylroyster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, I electronically filed the foregoing **DEFENDANTS RYAN BOHM AND LIVINGSTON COUNTY'S MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF MICHAEL HENDRICKS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** with the Clerk of the Court using the CM/ECF system and mailed a copy to the following:

Alexander B. Chosid
TKC Holdings, Inc.
10880 Linpage Place
St. Louis, MO 63132
Alex.Chosid@TKCHoldings.com
*Attorneys for Defendants, Trinity Services Group, Inc.,*
*Jennifer Compton and Kathleen Schopp*

I hereby certify that on June 1, 2026, I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Michael Hendricks
Inmate 96260
Livingston County Jail
844 W. Lincoln
Pontiac, IL 61764
*Plaintiff, Pro Se*

Michael Hendricks
FMC Lexington
3301 Leestown Road
Lexington, KY 40511
**Plaintiff, Pro Se**

/s/ Frank W. Ierulli

46855757.1

3