E-FILED
Monday, 01 June, 2026 12:34:41 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

MICHAEL HENDRICKS,

        Plaintiffs,

vs.

RYAN BOHM, KATHLEEN SCHOPP, "SARAH", JEN COMPTON, TRINITY SERVICES GROUP, INC. and LIVINGSTON COUNTY,

        Defendants.

Case No.:  25-cv-01130

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF MICHAEL HENDRICKS'
FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

NOW COME the Defendants, RYAN BOHM and LIVINGSTON COUNTY by Frank W. Ierulli, of HEYL, ROYSTER, VOELKER & ALLEN, P.C., their attorneys, and submit this Memorandum of Law in Support of the Motion for Summary Judgment for Plaintiff Michael Hendrick's Failure to Exhaust His Administrative Remedies.

**I.    Introduction**

Plaintiff Michael Hendrick ("Plaintiff") brings this action under 42 U.S.C. § 1983, alleging that Ryan Bohm and Livingston County ("the Defendants") violated his constitutional rights by failing to provide him adequate nutrition while at the Livingston County ("Jail"). He alleges that he received on average 1500 calories per day and suffered symptoms of inadequate nutrition.

However, Plaintiff failed to properly exhaust the administrative remedies available to him at Livingston County Jail ("Jail") prior to initiating this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Accordingly, summary judgment must be granted in favor of Defendant.

1

**II.    Undisputed Material Facts**

1.    At all relevant times, Plaintiff was incarcerated at the Jail. (Doc. 1, pg. 1.)

2.    Plaintiff alleges that he received on average 1500 calories per day and suffered symptoms of inadequate nutrition. (Doc. 1, pg. 3-4.)

3.    At all times relevant to this action, the Jail had a grievance procedure available to inmates. (Ex.1, Draper Dec.)

4.    The grievance procedure specifically provides that grievances must be filed by the detainee five days from the incident that the grievance arises from. (Ex. 1, Draper Dec.)

5.    The Jail has a grievance process for the resolution of complaints. The four-step process is found in the Jail Handbook. (Ex. 1, Draper Dec.)

6.    The Jail Superintendent designates staff members to review and respond to inmate grievances ("Step 1"). (Ex. 1, Draper Dec., bates stamped LD 000008).

7.    When an inmate is dissatisfied with the resolution of his grievance, he may within five business days of receipt of the written notice, appeal in writing, with the number of the grievance he wishes to appeal to the Jail Lieutenant ("Step 2"). (Ex. 1, Draper Dec., bates stamped LD 000008).

8.    When an inmate is dissatisfied with the resolution of his grievance given by the Jail Lieutenant, he may within five business days of receipt of the written notice, appeal in writing with the number of the grievance and the first level of appeal he wishes to appeal to the Jail Superintendent ("Step 3"). (Ex. 1, Draper Dec., bates stamped LD 000008).

9.    If the inmate is dissatisfied with the resolution of his grievance given by the Jail Superintendent, he may appeal to the Office of Jail and Detention Standards ("Step 4"). (Ex. 1, Draper Dec., bates stamped LD 000008, 9).

2

10.    Plaintiff admits that he was aware of the grievance procedure at Livingston County Jail. (Doc. 1 at 7).

11.    Plaintiff asserts he filed grievances related to the incident. (Doc. 1, pg. 4)

12.    On July 26, 2024, the Plaintiff filed Grievance No. 1249944. (Ex. 3).

13.    On July 30, 2024, the Plaintiff received a Step 1 response to Grievance No. 11249944. (Ex. 4).

14.    Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1249944. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

15.    On November 4, 2024, the Plaintiff filed Grievance No. 1289435. (Ex. 5).

16.    On November 5, 2024, the Plaintiff received a Step 1 response to Grievance No. 1289435. (Ex. 6).

17.    Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1289435. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

18.    On March 17, 2025, the Plaintiff filed Grievance No. 1344301. (Ex. 7).

19.    On March 19, 2025, the Plaintiff received a Step 1 response to Grievance No. 1344301. (Ex. 8).

20.    Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1344301. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

21.    On March 18, 2025, the Plaintiff filed Grievance No. 1344758. (Ex. 9).

22.    On March 19, 2025, the Plaintiff received a Step 1 response to Grievance No. 1344758. (Ex. 10).

23.    Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1344758. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

24. On March 19, 2025, the Plaintiff filed Grievance No. 1345225. (Ex. 11).

25. On March 19, 2025, the Plaintiff received a Step 1 response to Grievance No. 1345225. (Ex. 12).

26. Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1345225. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

27. On March 20, 2025, the Plaintiff filed Grievance No. 1345647. (Ex. 13).

28. Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1345647. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

29. On March 21, 2025, the Plaintiff filed Grievance No. 1346079. (Ex. 14).

30. On March 24, 2025, the Plaintiff received a Step 1 response to Grievance No. 1346079. (Ex. 15).

31. Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1346079. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

32. On March 26, 2025, the Plaintiff filed Grievance No. 1348434. (Ex. 16).

33. On March 26, 2025, the Plaintiff received a Step 1 response to Grievance No. 1348434. (Ex. 17).

34. Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1348434. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

35. On March 26, 2025, the Plaintiff filed Grievance No. 1348572. (Ex. 18).

36. On March 28, 2025, the Plaintiff received a Step 1 response to Grievance No. 1348572. (Ex. 19).

37. Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1348572. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

38.    On March 30, 2025, the Plaintiff filed Grievance No. 1351099. (Ex. 20).

39.    Plaintiff filed no Steps 2 or 3 appeal for Grievance No. 1351099. (Ex. 1, Draper Dec.), (Ex. 2, Harmon Dec.).

40.    On April 3, 2025, Plaintiff filed his Complaint with the Court.

## III.    Applicable Law

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

"[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions by a prisoner until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006) ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant

5

complies with the system's critical procedural rules."); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Exhaustion means properly and timely taking each step in the administrative process established by the applicable procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars a § 1983 suit).

Section 1997e(a) makes exhaustion of administrative remedies a precondition to filing suit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). To exhaust his administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo*, 286 F.3d at 1025. Unless a prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. *Id.* at 1023. Exhaustion means using all stages that the agency holds out and doing so properly (so that the agency addresses the issues on the merits). *Id*. at 1024.

The statutory purpose of the Prison Litigation Reform Act ("PLRA") is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. at 93. This allows prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner. *Pozo*, 286 F.3d at 1023-24.

A lawsuit filed by an inmate before he exhausted his administrative remedies must be dismissed because the court lacks the discretion to resolve the claim on the merits. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

IV.    **Argument**

A.    **Plaintiff has failed to Exhaust his Administrative Remedies.**

The rules governing the filing and prosecution of a grievance, including the appeal, must be followed to achieve exhaustion; substantial compliance is insufficient. *Lewis v. Washington*, 300 F.3d 829, 833-834 (7th Cir. 2002). The Jail maintains an administrative process designed to address an inmate's or a detainee's concern(s). The Jail's grievance procedure is found in the Jail Handbook. Grievances must be filed by the detainee five days from the incident that the grievance arises from. The Jail's grievance procedure provides the following structure for resolving a grievance if the inmate cannot resolve it informally:

> Step 1 – Grievance Officers can respond. If unable to address issues at this level, it will be escalated to Step 2.
>
> Step 2 – If Grievance Officers are unable to resolve, the inmate may appeal in writing, with the number of the grievance he wishes to appeal to the Jail Lieutenant. If unable to address issues at this level, it may be escalated to Step 3.
>
> Step 3 – If an inmate is dissatisfied with the resolution of his grievance given by the Jail Lieutenant, he may within 5 business days of receipt of the written notice, appeal in writing with the number of the grievance and the first level of appeal he wishes to appeal to the Jail Superintendent. If unable to address issues at this level, it may be escalated to Step 4.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1249944 related to his claim of inadequate food or calories on July 26, 2024. He received a Step 1 response to his grievance on July 30, 2024. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1289435 related to his claim of inadequate food or calories on November 4, 2024. He received a Step 1 response to his grievance on November 5, 2024. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

7

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1344301 related to his claim of inadequate food or calories on March 17, 2025. He received a Step 1 response to his grievance on March 19, 2025. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1344758 related to his claim of inadequate food or calories on March 18, 2025. He received a Step 1 response to his grievance on March 19, 2025. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1345225 related to his claim of inadequate food or calories on March 19, 2025. He received a Step 1 response to his grievance on March 19, 2025. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1345647 related to his claim of inadequate food or calories on March 20, 2025. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1346079 related to his claim of inadequate food or calories on March 21, 2025. He received a Step 1 response to his grievance on March 24, 2025. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1348434 related to his claim of inadequate food or calories on March 26, 2025. He received a Step 1 response to his grievance on March 26, 2025. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1348572 related to his claim of inadequate food or calories on March 26, 2025. He received a Step 1 response to his grievance on March 28, 2025. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

The Jail Grievance Records reflect Plaintiff submitted grievance no. 1351099 related to his claim of inadequate food or calories on March 30, 2025. The Plaintiff filed no Step 2 appeal to the Jail Lieutenant or Step 3 appeal to the Jail Superintendent.

"[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Pozo*, 286 F.3d at 1024.

Here, the Defendants have offered evidence demonstrating that Plaintiff failed to exhaust his administrative remedies as required by the PLRA.

Therefore, Plaintiff did not properly exhaust his administrative remedies prior to filing this suit, thus this case must be dismissed against Defendant Ryan Bohm and Livingston County.

**B. Isolated non-responses do not preclude a finding that Plaintiff failed to Exhaust his Administrative Remedies.**

The absence of a response to certain grievances, namely Grievance Nos. 1345647 (Exhibit 13) and 1351099 (Exhibit 20), do not excuse Plaintiff's failure to exhaust administrative remedies.

Controlling Supreme Court and Seventh Circuit precedent focuses on whether administrative remedies were "available." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). A formal

grievance process is unavailable when it: (1) "operates as a simple dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) is "so opaque that it becomes, practically speaking, incapable of use;" or (3) when prison administrators thwart inmates from using the grievance process through machination, misrepresentation, or intimidation. *Id*. at 1859-60.

A remedy becomes unavailable only in narrow circumstances, such as when the process "operates as a simple dead end" or officials actively thwart use of the system. *Id*. "The term 'available' is given its ordinary meaning" *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018). The Courts have "found remedies unavailable in a number of instances in which the inmate, through no fault of his own, could not have accessed the grievance procedure." *Id.* None of those circumstances exist here.

The undisputed record shows the grievance process at the Livingston County Jail consistently functioned. Plaintiff filed numerous grievances before and after grievance 1345647 (Exhibit 13). In the overwhelming majority of instances, he received prompt Step 1 responses within days. That pattern forecloses any argument that the grievance system was a "dead end" or otherwise unavailable.

Grievance 1351099 was filed on March 30, 2025. The complaint was signed March 24, 2025 (Doc. 1, pg. 7) and postmarked April 1, 2025 (Doc. 1, pg. 8). Assuming arguendo that this grievance should be considered by the Court, Section 1997e(a) makes exhaustion of administrative remedies a precondition to filing suit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). A grievance made after the complaint is signed certainly does not allow for exhaustion of administrative remedies prior to filing suit.

10

Even though Plaintiff did not receive a Step 1 response to Grievance Nos. 1345647 or 1351099, the grievance procedure remained available. The Jail's policy provided a multi-step appeal process. Nothing in the record suggests Plaintiff was prevented from pursuing further review. To the contrary, Plaintiff demonstrated familiarity with the grievance system and repeatedly submitted grievances addressing the same matters over time.

Critically, Plaintiff did not file a Step 2 or Step 3 appeal for either grievance. Nor did he otherwise attempt to invoke the next level of review. His decision to abandon the process, rather than pursue it, precludes a finding of exhaustion.

Because the administrative process remained available, and Plaintiff failed to use it, the absence of a response to these isolated grievances does not excuse his failure to exhaust. Summary judgment remains appropriate.

## V.    Conclusion

Even when viewing the evidence in the light most favorable to the Plaintiff, there is no genuine issue of material fact, and the Defendants are entitled to summary judgment as a matter of law. Plaintiff failed to appeal his grievances related to his claim of inadequate food or calories. As such, Plaintiff has failed to exhaust all his administrative remedies and summary judgment should be granted.

Based on the foregoing, summary judgment should be granted in favor of the Defendants, RYAN BOHM and LIVINGSTON COUNTY, and against the Plaintiff, MICHAEL HENDRICKS.

/s/ Frank W. Ierulli
Attorney for Defendant, RYAN BOHM and
LIVINGSTON COUNTY
IL ARDC #:  6211208
Heyl, Royster, Voelker & Allen, P.C.
300 Hamilton Blvd., P.O. Box 6199
Peoria, IL 61601-6199
309.676.0400 Phone
309.420.0402 Fax
fierulli@heylroyster.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)(4)**

I hereby certify that, as permitted by Local Rule 7.1(D)(5) the argument section of this brief meets the page and type limitations of Local Rule 7.1(B)(4) in that it does not exceed 15 pages in length. Additionally, this brief complies with the page and type limitations of Local Rule 7.1(B)(4) in that it consists of 1,392 words, as computed using the word count function of Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, I electronically filed the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF MICHAEL HENDRICKS' FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES** with the Clerk of the Court using the CM/ECF system and mailed a copy to the following:

Alexander B. Chosid
TKC Holdings, Inc.
10880 Linpage Place
St. Louis, MO 63132
Alex.Chosid@TKCHoldings.com
*Attorneys for Defendants, Trinity Services Group, Inc.,*
*Jennifer Compton and Kathleen Schopp*

I hereby certify that on June 1, 2026, I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Michael Hendricks
Inmate 96260
Livingston County Jail
844 W. Lincoln
Pontiac, IL 61764
*Plaintiff, Pro Se*

Michael Hendricks
FMC Lexington
3301 Leestown Road
Lexington, KY 40511
*Plaintiff, Pro Se*

/s/ Frank W. Ierulli

46855784.1

14