

**SHIG YASUNAGA**
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**OFFICE OF THE CLERK**

TEL: 217.492.4020
FAX: 217.492.4028

June 1, 2026

Michael Hendricks, 26797
LIVINGSTON COUNTY JAIL
844 W Lincoln St
Pontiac, IL 61764

      RE:    Hendricks v. Bohm et al
              Case No. 25-cv-1130

Dear Mr. Hendricks:

NOTICE IS HEREBY GIVEN that a motion for summary judgment has been filed against you. The party that filed the motion is asking the judge to decide all or part of your case without a trial. **You have 21 days from the date of service to respond to the motion.** Federal Rule of Civil Procedure 56(c) and Local Rule 7.1(D) outline how to respond to a motion for summary judgment. Copies of both rules are attached. Your response must comply with these rules. The "movant" in the rules is the party that filed the motion. You are the "nonmovant."

You must state if you agree or disagree with each material fact listed in the motion. If you disagree with a fact, you must provide affidavits, exhibits, or documents to support why you disagree with it. You may not rely solely upon the allegations in your complaint.

If you do not respond by the deadline, or if you respond but do not follow the summary judgment rules, the judge may, without further notice, consider the facts asserted in the summary judgment motion as undisputed, rule on the motion, or take any other action permitted under Federal Rule of Civil Procedure 56(e) or Local Rule 7.1(D). If the judge finds that the undisputed facts show that you cannot win your case, the judge will grant the motion for summary judgment, dismiss your claims against the movant(s), and there will not be a trial on the dismissed claims. If the motion for summary judgment resolves all claims, the judge will dismiss your case and enter judgment in the movant(s)' favor.

                      s/Shig Yasunaga
                      Shig Yasunaga
                      Clerk, U.S. District Court

cc: all counsel

| Peoria Division | Urbana Division | Springfield Division | Rock Island Division |
| --- | --- | --- | --- |
| 100 N.E. Monroe St. | 201 S. Vine St. | 600 E. Monroe St. | 1701 4th Avenue |
| Room 309 | Room 218 | Room 151 | Suite 310 |
| Peoria, IL 61602 | Urbana, IL 61802 | Springfield, IL 62701 | Rock Island, IL 61201 |
| 309.671.7117 | 217.373.5830 | 217.492.4020 | 309.793.5778 |

Federal Rules of Civil Procedure

RULE 56 Summary Judgment

**(a)**    **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b)**    **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c)**    **Procedures.**

    **(1)**    **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)**    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)**    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2)**    **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3)**    **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)**    **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d)**    **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    **(1)**    defer considering the motion or deny it;

    **(2)**    allow time to obtain affidavits or declarations or to take discovery; or

    **(3)**    issue any other appropriate order.

**(e)**    **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    **(1)**    give an opportunity to properly support or address the fact;

    **(2)**      consider the fact undisputed for purposes of the motion;

    **(3)**      grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

    **(4)**      issue any other appropriate order.

**(f)**    **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    **(1)**      grant summary judgment for a nonmovant;

    **(2)**      grant the motion on grounds not raised by a party; or

    **(3)**      consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g)**    **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

**(h)**    **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**<u>Local Rule 7.1(D)</u>**

(D)    <u>Summary Judgment</u>

All motions for summary judgment and responses and replies thereto must comply with the requirements of this rule. Any filings not in compliance may be stricken by the Court. The consequences for failing to comply are discussed thoroughly in *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994). Motions for extension of time to file a motion for summary judgment, a response or a reply thereto will not be looked upon with favor; such motions may be summarily denied unless they are filed within the original time as allowed by this rule or by the scheduling order.

    (1)    <u>Motion for Summary Judgment</u>

Any party filing a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56 and the scheduling order entered in the case, must include in that motion the following sections with appropriate headings:

        (a)    <u>Introduction</u>
        Without citations, briefly summarize the legal and factual basis for the motion and the exact relief sought.

(b)    Undisputed Material Facts
List and number each undisputed material fact which is the basis for the motion for summary judgment. Include as exhibits to the motion all relevant documentary evidence. For each fact asserted, provide citations to the documentary evidence that supports it, appropriately referencing the exhibit and page.

A WORD OF CAUTION: Material facts are only those facts which bear directly on the legal issue raised by the motion.

(c)    Argument
Under an appropriate subheading for each separate point of law, explain the legal point, with citations to authorities, and why or how the application of that point to the undisputed material facts entitles movant to the relief sought.

(2)    Response to Motion for Summary Judgment
Within 21 days after service of a motion for summary judgment, any party opposing the motion must file a response. The response must include the following sections with appropriate headings:

(a)    Introduction
Without citations, briefly summarize the legal and factual basis for opposition to the motion and the exact relief sought.

(b)    Response to Undisputed Material Facts
In separate subsections state the following:
(1)    Undisputed Material facts
List by number each fact from section B of the motion for summary judgment which is conceded to be undisputed and material.
(2)    Disputed Material Facts
List by number each fact from section B of the motion for summary judgment which is conceded to be material but is claimed to be disputed. Each claim of disputed fact must be supported by evidentiary documentation referenced by specific page. Include as exhibits all cited documentary evidence not already submitted by the movant.
(3)    Disputed Immaterial Facts
List by number each fact from section B of the motion for summary judgment which is claimed to be both immaterial and disputed. State the reason the fact is immaterial. Support the claim that the fact is disputed with evidentiary documentation referenced by specific page. Include as exhibits all cited documentary evidence not already submitted by the movant.
(4)    Undisputed Immaterial Facts
List by number each fact from section B of the motion for summary

judgment which is undisputed but is claimed to be immaterial. State the reason the fact is immaterial.

(5)  Additional Material Facts
List and number each additional material fact raised in opposition to the motion for summary judgment. Each additional fact must be supported by evidentiary documentation referenced by specific page. Include as exhibits all relevant documentary evidence not already submitted by the movant.

(6)  A failure to respond to any numbered fact will be deemed an admission of the fact.

(c)  Argument
With or without additional citations to authorities, respond directly to the argument in the motion for summary judgment, for example, by explaining any disagreement with the movant's explanation of each point of law, why a point of law does not apply to the undisputed material facts, why its application does not entitle movant to relief or why, for other reasons, summary judgment should not be granted.

(3)  Movant's Reply
Within 14 days after service of response, the movant may file a reply. The reply must include the following subsections, appropriately titled:

(a)  Reply to Additional Material Facts
List by number the additional facts asserted in section (b)(5) of the response. For each fact, state succinctly whether:

(1)  it is conceded to be material and undisputed,

(2)  it is conceded to be material but is disputed, in which case provide support the claim that the fact is disputed by providing citations to specific pages of evidentiary documentation. Include as exhibits all cited documentary evidence not already submitted,

(3)  it is immaterial but disputed, in which case state the reason the fact is immaterial and support the claim that the fact is disputed by providing citations to evidentiary documentation, attached as exhibits and referenced by specific page,

(4)  it is immaterial and undisputed, in which case explain the reason it is immaterial.

(5)  A failure to respond to any numbered fact will be deemed an admission of that fact.

(b)  Argument
Succinctly and directly address any matters raised in the response with which the movant disagrees. THE REPLY WILL BE LIMITED TO NEW MATTERS RAISED IN THE RESPONSE AND MUST NOT RESTATE ARGUMENTS ALREADY RAISED IN THE MOTION.