E-FILED
Monday, 29 June, 2026  02:29:05 PM
Clerk, U.S. District Court, ILCD

FILED
JUN 28 2026
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

Michael Hendricks, PLAINTIFF, PRO SE

-AGAINST-

Ryan Bohm, ET AL, Defendants

CASE # 25-CV-01130

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DENY DEFENDANT MOTION FOR SUMMARY JUDGMENT

Now come the Plaintiff Michael Hendricks, Pro Se, to submit this memorandum of law in support of the Plaintiff's motion to deny defendants motion for summary judgment.

## I  Introduction

Plaintiff Michael Hendricks, Pro Se, brought this action under 42 U.S.C. Section 1983 complaining the Ryan Bohm and the Livingston County defendants violated the Plaintiff's constitutional rights by failing to provide adequate nutrition while at the Livingston County Jail. The Plaintiff's complains he received no milk or fruit and only received 1300 to 1500 calories per day. The Plaintiff suffered symptoms of inadequate nutrition.

The Plaintiff filed over ten grievances concerning the inadequate nutrition at the Livingston County Jail. The Plaintiff received no response. Because of no response the Plaintiff has exhausted the administrative remedies. The Livingston County Jail also failed to provide access to file any appeals. Also the Jails handbook only provides the idea of what to do if the inmate is not satisfied with a grievance response, not what to do if there was no response.

## II Undisputed Material Facts

(1) At all times relevant, Plaintiff Michael Hendricks was a federal detainee at the Livingston County Jail.

(2) Plaintiff complains that he received no milk or fruit and only received on average 1300-1500 calories per day.

(3) The Plaintiff filed ten grievances concerning inadequate nutrition while at the Livingston County Jail. (see defendants exhibits #5,7,9,11,13,14,16,17,18 and 20). These grievances were all filed within 24 hours of the incident.

## III Disputed Material Facts

(1) The Plaintiff filed grievance #1289435 on 11/4/2024 concerning the lack of adequate nutrition (defendants exhibit #5). As shown on the exhibit no answer was received. (#17)(#18)(#19)

(2) The Plaintiff filed grievance #1344301 on 3/17/2025 concerning the lack of adequate nutrition (defendants exhibit #7). As shown on the exhibit no answer was received. (#18)(#19)(#20)

(3) The Plaintiff filed grievance #1345225 on 3/19/2025 concerning the lack of adequate nutrition (defendants exhibit #11). As shown on the exhibit no answer was received. (#24)(#25)(#26).

(4) The Plaintiff filed grievance #1345647 on 3/20/2025, concerning the lack of adequate nutrition (defendants exhibit #13. As shown on the exhibit no answer was received. (#27)(#28).

(5) There is not a procedure in the handbook as to what to do when a grievances is not answered.

(6) There is no place on the kiosk to write a appeal to a grievance.

## IV. Applicable Law

Summary Judgment is appropriate when there is no genuine dispute over any of the material facts. Pack v Middlebury Comm Schools 990 F 3d 1013, 1017 (7th cir 2021). A "genuine dispute" exists when a reasonable fact finder could return a verdict for the non moving party. Anderson v Liberty Lobby Inc 477 U.S. 242, 248, 106 S. CT. 2505 91 L. Ed 2d 202 (1986). A "material fact" are those that might affect the outcome of the suit. When reviewing a motion for summary Judgment the court should view the record and draw all reasonable inferences from it in the most favorable to the non moving party. Khungar v. Access City Health Network 985 F 3d 565, 572-73 (7th cir 2021).

"An inmate must comply with the administrative grievance process at least as long as it is actually available to the detainee". Wilburn v. Ealey 881 F 3d 998, 1004 (7th cir 2018). "Inmates are only required to exhaust administrative remedies that are available". Woodford v. Ngo 548 U.S. 81, 102, 126 S. CT. 2378 165 L. Ed 2d 368 (2006).

The 7th Circuit Court of Appeals has long held that jail officials can not exploit the PLRA's exhaustion requirement by preventing an inmate from accessing a administrative remedy. Dale v. Lappin 376 F 3d 652 (7th cir 2022). A facility's failure or refusal to give an detainee access to grievance forms, or respond to them render the grievance process unavailable. Daniels v Baldwin App No 21-1686 2022 U.S. App Lexis 14988, 2022 WL 1768857 at 2 (7th cir 2022). If administrative remedies are genuinely unavailable or non existent because, for example, jail employees

fail to respond to properly filed grievances the detainee has satisfied the exhaustion requirement. Jackson, 104 F 4th 957.

## II Argument

The Plaintiff entered the Jail on July 5th 2024. He received a Livingston County Jail handbook. On page #8 of this handbook (defendants exhibit A) states "Response to grievances - The Jail Superintendent will designate staff members to review detainee grievances. The Grievance officers will investigate and review all grievances and give a written response to the grievance 5 days of submitted grievance." The Plaintiff filed grievance # 1289435, 1344301, 1345225, and #1345647 All concerning inadequate nutrition being served at the Livingston County Jail. No response was received from anyone concerning these grievances.

Next according to the Livingston County Jails Handbook (defendants exhibit A page #8 "Appealing A grievance response" when a detainee is dissatisfied with the resolution of his/her grievance, he/she may within 5 business day or receipt of written notice, appeal in writing to the Jail Lieutenant. If A detainee is dissatisfied with the resolution given by the Jail Lieutenant of his/her grievance, he/she may within 5 business days of receipt of written notice appeal to the Jail Superintendent. Plaintiff filed grievance # 1289435, 1344301, 1345225 And 1345647 All concerning inadequate nutrition being served at the Livingston County Jail. No response was received from anyone concerning the grievances

The way of communication At the Livingston County Jail was through a Kiosk System. On the Kiosk there is no place

To write the Lieutenant or the Superintendent to file any appeal for any response to a grievance.

A remedy becomes unavailable in circumstances, such as when the process "operates as a dead end" or officials actively thwart use of the system. Lanaghan V Koch 902 F.3d 683, 688 (7th Cir 2018). The courts have "found remedies unavailable in a number of instances in which the inmate, through no fault of his own, could not have accessed the grievance procedure. If a inmate is suffering due to a ongoing jail condition he need not file multiple, successive grievances raising the same issue". "In order to exhaust their remedies, inmates need not file successive grievances raising the same issue, If the condition is continuing. Once a jail has received notice of and had a chance to correct the problem, the inmate has satisfied the purpose of the exhaustion requirement." Turley V Rednour 729 F3d 645 (7th Cir 2013).

Because of the jails officials failure to response to grievances filed by the plaintiff, the plaintiff completed the exhaustion of his Administrative Remedies "The available of a remedy is not a matter of what is on paper but rather the process was in actuality available for the inmate to pursue. Kaba V Stepp 458 F3d 678, 684 (7th Cir 2006). If administrative remedies are genuinely unavailable or nonexistent because jail employees failed to respond to properly filed grievances the inmate has satisfied the exhaustion requirement. Jackson, 104 F4th 957.

Because the plaintiff filed grievances concerning the inadequate nutrition served at the Livingston County Jail and no jail official answered the grievance the plaintiff has satisfied the exhaustion of the Administrative Remedies for this complaint. Because there is no access to an appeal tab on the kiosk

AT the LIVINGSTON COUNTY JAIL TO APPEAL A GRIEVANCE this has made the grievance procedure INCAPABLE of use. The JAIL has thwart INMATES from USING the grievance process through MISREPRESENTATION.

## VI CONCLUSION

When VIEWING the evidence IN the light most favorable TO the PLAINTIFF, there IS genuine ISSUE of MATERIAL fact, AND the defendants Are NOT entitled TO A summary Judgment AS A MATTER of law. The PLAINTIFF has exhausted his ADMINISTRATIVE remedies AND SUMMARY Judgment should be denied.

Based on the foregoing, summary Judgment should be denied

Respectfully                    Michael Henluich   14274-026

Date 6/19/2026                  Federal Medical Center

                                P.O. Box 14500

                                LEXINGTON KY 40512


CERTIFICATE OF SERVICE

I hereby certify that on June 22 2026 I have mailed by UNITED STATES Postal Service the documents TO


UNITED STATES Courthouse

100 N.E. MONROE ST

PEORIA IL 61602

Michael Hendricks
14274-026
Federal Medical Center
P.O. Box 14500
Lexington Ky 40512



LOUISVILLE KY 400

24 JUN 2026 PM 2 L

⇔14274-026⇔
Us Courthouse
100 NE Monroe ST
Peoria, IL 61602
United States

61602-180999