E-FILED
Wednesday, 08 July, 2026  04:35:16 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MICHAEL HENDRICKS,

                      Plaintiff,

         v.

RYAN BOHM, KATHLEEN SCHOPP,
"SARAH," JEN COMPTON, TRINITY
SERVICES GROUP, INC., AND LIVINGSTON
COUNTY,

                      Defendants.

Case No. 1:25-cv-01130-MMM

## DEFENDANTS TRINITY SERVICES GROUP, INC., JENNIFER COMPTON, KATHLEEN SCHOPP, AND SARAH GOULD'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION INSTANTER

Now come Defendants TRINITY SERVICES GROUP, INC., JENNIFER COMPTON, KATHLEEN SCHOPP, and SARAH GOULD (collectively, the "Trinity Defendants"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 6(b)(1)(B) and 16(b)(4), respectfully move this Court for leave to file their Motion for Summary Judgment for Plaintiff Michael Hendricks' Failure to Exhaust Administrative Remedies, together with the supporting memorandum, Rule 56 notice, and exhibits tendered herewith, instanter. In support, the Trinity Defendants state:

1.     This Court's Scheduling Order provides that "motions for summary judgment on exhaustion are due within 30 days of this order." (Doc. 43, ¶ 4.) The Order was entered May 14, 2026, making exhaustion-based motions due June 13, 2026.

2.     On June 1, 2026, co-Defendants Ryan Bohm and Livingston County timely moved for summary judgment on the ground that Plaintiff failed to exhaust

1

his administrative remedies. (Docs. 45, 46.) That motion is now fully briefed, Plaintiff having responded (Docs. 52–54) and the co-Defendants having replied (Doc. 55).

3.    The Trinity Defendants assert the same affirmative defense. They pleaded failure to exhaust in their Answer and Affirmative Defenses. (Doc. 37.) The tendered motion seeks summary judgment on that defense as to Plaintiff's claims against the Trinity Defendants.

4.    The Trinity Defendants were recently brought into this action. Trinity Services Group, Inc. was substituted as a Defendant on April 7, 2026 (Doc. 33), undersigned counsel first appeared on April 30, 2026 (Doc. 36), and Defendant Gould joined the case on May 13, 2026 (Doc. 42), the day before the Scheduling Order issued.

5.    Following a transition in in-house litigation staffing, the deadline for exhaustion-based dispositive motions was inadvertently not calendared. Undersigned counsel takes responsibility for the oversight and sought leave promptly upon identifying it. There was no bad faith, gamesmanship, or dilatory purpose.

6.    The Court may permit a late filing where the failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The governing factors (the danger of prejudice, the length of and reason for the delay, the potential impact on the proceedings, and the movant's good faith) all favor leave here. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

7.    There is no prejudice to Plaintiff. The tendered motion raises the same exhaustion defense that Plaintiff has already fully briefed in opposing the co-Defendants' motion. (Docs. 52–54.) Plaintiff will receive a fresh opportunity to respond, and no additional discovery is required.

**8.**    The delay is short and disrupts nothing. Discovery does not close until November 16, 2026, and the general dispositive-motion deadline is December 14, 2026. (Doc. 43, ¶¶ 30–31.) No hearing or trial date will be affected, and resolving exhaustion as to all Defendants together serves judicial economy.

**9.**    Granting leave also avoids piecemeal litigation. Were the Court to grant the co-Defendants' motion but not reach the Trinity Defendants, the same exhaustion question would remain pending against the Trinity Defendants alone, requiring separate resolution of an identical issue.

**10.**    The tendered motion is not duplicative. It raises arguments particular to the Trinity Defendants, including that the Prison Litigation Reform Act applies to a private food-service contractor and its employees, and that the grievances Plaintiff failed to appeal concern the very food service the Trinity Defendants provided. It also rests on the Trinity Defendants' own evidentiary record. (Exs. 1–26.)

**11.**    The proposed Motion for Summary Judgment, Memorandum of Law, Rule 56 notice, and Exhibits 1 through 26 are tendered with this motion and are ready to be filed upon the Court's leave.

**WHEREFORE**, the Trinity Defendants respectfully request that this Court grant them leave to file their Motion for Summary Judgment for Plaintiff Michael Hendricks' Failure to Exhaust Administrative Remedies, and supporting papers, instanter; deem those papers filed as of the date of the Court's order; set a date for Plaintiff's response; and grant such other and further relief as the Court deems just and proper.

Date: July 8th, 2026

Respectfully submitted,

/s/ Alexander B. Chosid
Alexander B. Chosid
TKC Holdings, Inc.
10880 Linpage Place
St. Louis, MO 63132
Tel: (314) 216-2218
Fax: (314) 213-1190
Alex.Chosid@TKCHoldings.com

Attorneys for Defendants
TRINITY SERVICES GROUP, INC.,

JENNIFER COMPTON, KATHLEEN SCHOPP,

AND SARAH GOULD

## CERTIFICATE OF SERVICE

I, Alexander B. Chosid, hereby certify that on this 8th day of July, 2026, a true and accurate copy of the foregoing **DEFENDANTS TRINITY SERVICES GROUP, INC., JENNIFER COMPTON, KATHLEEN SCHOPP, AND SARAH GOULD'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION INSTANTER** was electronically transmitted to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

I also certify that a true and accurate copy of the foregoing was served via United States Mail, postage prepaid, upon the following:

Michael Hendricks
Reg. No. 14274026
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512
*Plaintiff, Pro Se*

/s/ Alexander B. Chosid
Alexander B. Chosid

4