E-FILED
Wednesday, 08 July, 2026  04:42:46 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MICHAEL HENDRICKS,

                Plaintiff,

        v.

RYAN BOHM, KATHLEEN SCHOPP,
"SARAH," JEN COMPTON, TRINITY
SERVICES GROUP, INC., AND LIVINGSTON
COUNTY,

                Defendants.

Case No. 1:25-cv-01130-MMM

**DEFENDANTS TRINITY SERVICES GROUP, INC., JENNIFER COMPTON, KATHLEEN SCHOPP, AND SARAH GOULD'S MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF MICHAEL HENDRICKS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Now come Defendants TRINITY SERVICES GROUP, INC. (named in Plaintiff's Complaint as "Kellwell Foods"), JENNIFER COMPTON (named as "Jen"), KATHLEEN SCHOPP (named as "Cat"), and SARAH GOULD (named as "Sarah") (collectively, the "Trinity Defendants"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D), respectfully move this Court for entry of summary judgment in their favor and against Plaintiff Michael Hendricks ("Plaintiff") on the basis that Plaintiff failed to exhaust the administrative remedies available to him at the Livingston County Jail prior to filing this lawsuit. In support thereof, the Trinity Defendants state as follows:

1.    At all times relevant to this action, Plaintiff was incarcerated at the Livingston County Jail (the "Jail"), where Defendant Trinity Services Group, Inc. provided food service under contract and Defendants Compton, Schopp, and Gould were food service employees.

1

2.    Plaintiff's Complaint asserts claims under 42 U.S.C. § 1983 against the Trinity Defendants premised on the allegedly inadequate nutritional content of the meals served at the Jail, including allegations that the meals averaged 1,500 calories per day, included no fruit, and were otherwise nutritionally deficient. (Doc. 1; Doc. 19.)

3.    The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing suit concerning prison conditions.

4.    The Jail maintained a four-step administrative grievance process at all times relevant to this action, of which Plaintiff was aware and which was available to him. (Ex. 1, Draper Dec.; Ex. 2, Harmon Dec.)

5.    Plaintiff filed numerous grievances concerning the food and meals served at the Jail. (Exs. 3–20.) None of those grievances was appealed to Step 2 (Jail Lieutenant) or Step 3 (Jail Superintendent), as the Jail's grievance procedure required. (Ex. 1, Draper Dec. ¶ 13; Ex. 2, Harmon Dec. ¶ 6.)

6.    Because Plaintiff did not properly complete the Jail's grievance process before filing this action, he failed to exhaust the administrative remedies available to him as a matter of law. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

7.    The failure-to-exhaust defense applies with at least as much force to the Trinity Defendants as it does to Defendants Ryan Bohm and Livingston County. The Trinity Defendants are sued specifically because of the food they prepared and served. The grievances Plaintiff did file, to the extent they touched on the food service at all, were never escalated through the Jail's mandatory appellate steps. Plaintiff therefore deprived the Jail of any opportunity to address the issues internally before suit.

2

8.      The administrative process was available to Plaintiff. His own grievance records show that he knew how to appeal a grievance to the Jail Lieutenant and did so on other matters, and that he followed up when a grievance drew no response. (Exs. 21–26.) He simply did not pursue the required appeals for the grievances underlying this suit.

9.      There is no genuine dispute of material fact regarding Plaintiff's failure to exhaust administrative remedies as to the Trinity Defendants.

10.     The Trinity Defendants concurrently file their Memorandum of Law in Support of Motion for Summary Judgment for Plaintiff Michael Hendricks' Failure to Exhaust Administrative Remedies, together with the supporting declarations and grievance records attached as Exhibits 1 through 26, and incorporate the same herein by reference.

**WHEREFORE**, Defendants Trinity Services Group, Inc., Jennifer Compton, Kathleen Schopp, and Sarah Gould respectfully request that this Court enter summary judgment in their favor and against Plaintiff Michael Hendricks, dismiss Plaintiff's claims against them with prejudice, and grant such other and further relief as this Court deems just and proper.

Date: July 8th, 2026                    Respectfully submitted,


                                        */s/ Alexander B. Chosid*
                                        Alexander B. Chosid
                                        TKC Holdings, Inc.
                                        10880 Linpage Place
                                        St. Louis, MO 63132
                                        Tel: (314) 216-2218
                                        Fax: (314) 213-1190
                                        Alex.Chosid@TKCHoldings.com

                                        Attorneys for Defendants

TRINITY SERVICES GROUP, INC.,

JENNIFER COMPTON, KATHLEEN SCHOPP,

AND SARAH GOULD

#### CERTIFICATE OF SERVICE

I, Alexander B. Chosid, hereby certify that on this 8th day of July, 2026, a true and accurate copy of the foregoing **DEFENDANTS TRINITY SERVICES GROUP, INC., JENNIFER COMPTON, KATHLEEN SCHOPP, AND SARAH GOULD'S MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF MICHAEL HENDRICKS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** was electronically transmitted to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

I also certify that a true and accurate copy of the foregoing was served via United States Mail, postage prepaid, upon the following:

Michael Hendricks
Reg. No. 14274026
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512
*Plaintiff, Pro Se*

*/s/ Alexander B. Chosid*
Alexander B. Chosid

4