E-FILED
Friday, 31 July, 2026  03:57:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

FILED
JUL 31 2026
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael Hendricks, PLAINTIFF, PRO SE

-AGAINST-

Ryan Bohm, ET AL, Defendants

CASE # 25-CV-01130

## PLAINTIFF'S MEMORANDUM OF LAW

### A. THE LEGAL STANDARD FOR PLRA EXHAUSTION AND THE "UNAVAILABILITY" EXCEPTION

The Prison Litigation Reform Act (PLRA) provides that "NO ACTION shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, or other correctional facility until such remedies as are available are exhausted." 42 U.S.C. Section 1997e(a).

The Supreme Court identified three non-exhaustion scenarios where a administrative remedy is considered legally unavailable Ross -v- Blake, 578 U.S. 632, 642 (2016).

(1) when the admin procedure operates as a simple "dead end" with officers unwilling to provide any relief.

(2) when the administrative scheme is so opaque that it becomes, practically speaking, incapable of use.

(3) when administrators thwart inmates from taking advantage of a grievance procedure through machination misrepresentation of intimidation.

### B. THE SEVENTH CIRCUITS AGREES THAT AN UNANSWERED

## GRIEVANCE RENDERS ADMINISTRATIVE REMEDIES UNAVAILABLE

It is well established law within the Seventh Circuit that when a detainee files a timely grievance in accordance with the institution's rules and the facility fails to respond, the administrative remedies are deemed unavailable, and the prisoner has met the exhaustion requirement. Lewis -v- Washington, 300 F. 3d 829, 833 (7th cir 2002). Dole -v- Chandler, 438 F. 3d 804, 809 (7th cir 2006).

## C. DEFENDANTS PERSISTENT SILENCE RENDERED THE JAIL'S REMEDIES UNAVAILABLE TO THE PLAINTIFF.

In the present case, the Plaintiff did not merely file a single grievance and immediately rush to federal court. Instead he made nine distinct, good faith attempts to alert jail administration to the severe caloric and nutritional deficits in the food being served.

Each of the nine grievances complied with the timing requirements of the jails handbook, yet the defendants and their staff chose to ignore every single filing.

Because the jail's grievance policy provides no path for a detainee to appeal a non-response the process became a textbook "dead end" under Ross -v- Blake. Plaintiff could not file a second-step appeal because there was no decision or staff response to appeal from.

Under Lewis Dole, Brengettcy the defendants total failure to process or respond to Plaintiff's nine grievances extinguished

his obligation to pursue further administrative reviews. As a matter of law, the Plaintiff has exhausted all "Available" administrative remedies.

## D. AT A MINIMUM, A PAVEY HEARING IS REQUIRED TO RESOLVE ANY GENUINE DISPUTES OF MATERIAL FACT

Because the defendant Dispute the fact the Plaintiff filed these nine grievances, or If they Argue that they did respond a genuine dispute of material fact exists.

In the Seventh Circuit, disputes over exhaustion can not be resolved on summary judgment based on conflicting written assertions. Under Pavey-V- Conley, 544. F 3d 739, 742 (7th cir 2008), the district court must conduct a evidentiary hearing to resolve factual disputes.

## CONCLUSION

Summary Judgment is to be granted only If the record before the Court shows "there is no genuine issue As to Any material fact And that the moving party is entitled to judgment As a matter of law." Rule 56 (c) Federal Rules of Civil Procedure. A "material" fact is one that "might Affect the outcome of the suit under the governing law". Anderson V Liberty Lobby Inc. 477 U.S. 242, 248, 106 S. ct 2505 (1986).

The declaration of the Plaintiff and the defendant are squarely contradictory As to the Plaintiff exhausting his Administrative

remedies. There is clearly a genuine issue of facts.

A reasonable jury could find for the plaintiff based on the facts in the plaintiff's declaration and therefore summary judgment must be denied. Anderson -V- Liberty Lobby Inc, 477 U.S. 242, 248, 106 S.CT 2505(1986).

Wherefore for the foregoing reasons, the defendants motion for summary judgment should be denied.

Respectfully Submitted    _Michael Hendricks_  MICHAEL Hendricks
Date: 7/27/2026            14274-026
                          Federal Medical Center
                          P.O. Box 14500
                          Lexington Ky 40512